UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ECLIPSE AEROSPACE, INC., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> VNE JET, INC.; APEX AVIATION, LLC; ) <br> SCOTT BULLOCK; RAY KINNEY; and ) <br> FINLEY LEDBETTER, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:14-cv-00639-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion to Remand (ECF No. 7) filed by Plaintiff Eclipse Aerospace, Inc. ("Plaintiff"). Defendants VNE Jet, Inc. ("VNE"); Apex Aviation, LLC; Scott Bullock; Ray Kinney; and Finley Ledbetter (collectively "Defendants") filed a Response (ECF No. 17) and Plaintiff filed a Reply (ECF No. 20). Because the Court lacks subject matter jurisdiction over this action, the case is remanded to the Eighth Judicial District Court.

**I.    BACKGROUND**

On July 2, 2012, Plaintiff, an aircraft manufacturer, entered into a License Agreement ("Agreement") with Defendant VNE, an aircraft servicing company. (Notice of Removal Ex. A ("Compl."), ¶¶ 8–9, ECF No. 1.) Per the Agreement, Defendants used Plaintiff's intellectual property ("IP") to create five "rig boards" for use in inspecting Plaintiff's aircraft. (*Id.* ¶¶ 10, 17.)

Concerned that Defendants were not properly licensed to perform inspections, Plaintiff revoked the Agreement in April 2013. (*Id.* ¶¶ 10, 22.) In March 2014, Defendants notified Plaintiff that they planned to sell their assets in a private sale the following month. (*Id.* ¶¶ 25–26.) Believing that Defendants planned to sell the rig boards, Plaintiff commenced the action in

Nevada state court and filed a motion seeking a temporary restraining order to delay or cancel the sale and regain possession of the boards, which was granted. (Compl. ¶ 16; Notice of Removal Ex. B, at 2, ECF No. 1.)  In its Complaint, Plaintiff alleges that Defendants never acknowledged the termination of the Agreement, failed to destroy or return the rig boards in accordance with the Agreement, and continued to use the boards to service Plaintiff's aircraft. (Compl. ¶¶ 11, 27, ECF No. 1.)  The Complaint raises the following claims: (1) breach of contract, as Defendants violated the Agreement by failing to discontinue use of the IP and return the rig boards and any other tangible forms of the IP; and (2) conversion, as Defendants "intentionally took possession of the rig boards and have used them to wrongfully service [Plaintiff's] aircraft" after Plaintiff revoked the Agreement. (*Id.* ¶¶ 29–38.)

Defendants removed the action, alleging that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the case arises under federal copyright laws. (Notice of Removal ¶ 8, ECF No. 1.)  Subsequently, Defendants filed an Answer and Counterclaim. (ECF No. 5.)  Plaintiff then filed the instant Motion to Remand to state court in which Plaintiff argues that its Complaint seeks recovery from Defendants "based solely on state law contract rights," and not under the federal copyright statutes. (Mot. to Remand ¶¶ 1–2, 6, ECF No. 7.)

II. **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667

(9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

District courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Per the "well-pleaded complaint rule," which governs federal question jurisdiction, district courts have subject matter jurisdiction "only when a federal question is presented on the face of the [plaintiff's] properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *see also Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  The Ninth Circuit articulated the following test for determining when a complaint invokes federal jurisdiction under the Copyright Act:

> [A]n action arises under the federal copyright laws if and only if the complaint is for a remedy expressly granted by the Act, . . . or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988) (quoting *Effects Assocs., Inc. v. Cohen*, 817 F.2d 72, 73 (9th Cir. 1987) (internal quotation marks omitted)).

### III. DISCUSSION

Here, Defendants base their removal of this action on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  However, Defendants have failed to carry their burden of establishing that this Court has subject matter jurisdiction over this case because they have not demonstrated that Plaintiff presents a federal question on the face of its Complaint.  Thus, removal is improper.

In an attempt to meet their burden, Defendants contend that "the suit primarily concerns ownership of copyrighted material and derivative works created pursuant to a licensing agreement of intellectual property and/or copyrighted material." (Defs.' Answer ¶ 8, ECF No. 5.) More specifically, Defendants claim that "Plaintiff has misrepresented its own pleading" and that its Complaint is not "based solely on state law contract rights," but rather on federal copyright law. (Defs.' Resp. ¶ 3, ECF No. 17.) To support this assertion, Defendants primarily rely on *Vestron*, where federal jurisdiction was proper because the "[t]he complaint ma[d]e[] out an infringement claim and s[ought] remedies expressly created by federal copyright law." 839 F.3d at 1382.

The Complaint here, however, lacks any specific allegation of copyright infringement. Furthermore, the Complaint fails the Ninth Circuit's federal jurisdiction test because it does not, like the complaint in *Vestron*, seek "a remedy expressly granted by the [Copyright] Act, . . . or assert[] a claim requiring construction of the Act, . . . or . . . present a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *See* 839 F.2d at 1381. Rather, the Complaint raises only state law contract and common-law claims. (Compl. ¶¶ 29–38, ECF No. 1.) According to Defendants, Plaintiff's allegation that it has been damaged by Defendants' failure "to discontinue use of the IP, any rig boards fabricated as a result of the IP, and to return any tangible forms of the IP to [Plaintiff]" amounts to a copyright infringement claim. (Defs.' Resp. ¶ 4, ECF No. 17.) However, as stated in *Vestron*, "[a]lthough the action clearly involves a copyright, this fact alone does not satisfy federal jurisdictional requirements. For example, where a suit is for a naked declaration of copyright ownership without a bona fide infringement claim, federal courts decline jurisdiction." 839 F.2d at 1381. Because Plaintiff's Complaint lacks a "bona fide infringement claim," the Court cannot find that federal subject matter jurisdiction exists over this action.

Defendants also cite *Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993) and *Topolos v. Caldewey*, 698 F.2d 991 (9th Cir. 1983), in support of their argument that federal jurisdiction is proper. In particular, Defendants argue that (1) the Agreement is a licensing agreement of infinite duration, covered by Section 203 of the Copyright Act; and (2) federal courts have exclusive jurisdiction over copyright infringement cases like this one, which involve more than just a question of ownership. (Defs.' Resp. ¶ 5–6, ECF No. 17.) However, Defendants ignore the fact that the plaintiffs in both *Rano* and *Topolos* requested remedies under the Copyright Act and these requests created the basis for federal subject matter jurisdiction. Both cases recognize that "a case does not arise under the federal copyright laws, embodied in Title 17 of the United States Code, merely because the subject matter of the action involves or affects a copyright." *Topolos*, 698 F.2d at 993; *Rano*, 987 F.2d at 584. In fact, the Ninth Circuit in *Topolos* stated that "federal courts do not have jurisdiction over a suit on a contract simply because a copyright is the subject matter of the contract." 698 F.2d at 993. Here, where the Complaint demands the return of Plaintiff's IP but does not expressly state a federal copyright claim, federal jurisdiction is improper. As such, the Court need not reach either of Defendants' abovementioned arguments.

Defendants make the additional argument that Plaintiff's state law claims have been fully preempted by federal copyright law, thereby necessitating federal jurisdiction. (Defs.' Resp. ¶ 7, ECF No. 17.) Defendants read *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983), very broadly to permit a preemption defense here. Defendants' interpretation, however, is soundly foreclosed by the very language of this case. Specifically, the Supreme Court stated that

> a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

*Franchise Tax Bd.*, 463 U.S. at 14; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009) (noting that a preemption defense is more appropriately "brought in the context of attacking the merits of [the plaintiff's] case, rather than as a basis for removing the case to federal court"). Defendants' reliance on *Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1984), is also misplaced because it overlooks the fact that under *Franchise Tax Bd.*, federal subject matter jurisdiction cannot be predicated on preemption as a defense, as it violates the well-pleaded complaint rule. Thus, even to the extent that Defendants can state a preemption defense, such a defense cannot serve as the basis for federal subject matter jurisdiction. Defendants, therefore, have "failed to overcome the 'strong presumption against removal jurisdiction.'" *Hunter*, 582 F.3d at 1045 (quoting *Gaus*, 980 F.2d at 566).

For these reasons, the Court finds that Defendants have failed to carry their burden of establishing that removal of this action is proper. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 and the case must be remanded to state court.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that this case is remanded to the Eighth Judicial District Court.

**DATED** this 31st day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge